IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES E. GRAVES,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Carrington Mortgage Loan Trust, Series 2005-NCI Asset Backed Pass-Through Certificates,<br><br>Defendant. | § § § § § § § § § § § § § | NO. 2:10-CV-00183-J |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is *Defendant's Motion for Summary Judgment*. Plaintiff has responded, and Defendant has replied. The Motion is therefore ripe for decision.

Plaintiff James Graves entered into a consumer contract for the refinance of his primary residence in Claude, Texas. He alleges that Defendant Deutsche Bank National Trust Company induced him to enter into a predatory loan agreement, committed numerous acts of fraud in furtherance of a criminal conspiracy, failed to make proper notices, and charged false fees, among other things. Graves seeks damages in the amount of $966,000.20, as well as a judgment granting him title to the property.

Deutsche Bank moves for summary judgment, asserting that it is entitled to summary judgment because a Texas state court previously granted it permission to foreclose and each of Graves' claims is barred by the respective statute of limitations.

1

Graves responds that Deutsche Bank did not have standing to foreclose. He alleges that he discharged the loan on May 26, 2009 with a lawful bonded promissory note in the amount of $3,000,000.00. He asserts that Carrington Mortgage Services, LLC stole that note.

Graves further alleges in his Response that the transfer of the note from Carrington Mortgage Services, LLC to Deutsche Bank was done without notifying him, in violation of the Truth in Lending Act.

Additionally in his Response, Graves makes allegations under the Racketeer Influenced and Corrupt Organizations Act (RICO).

## STANDARD

A motion for summary judgment should be granted if the movant shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(a).

A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities of fact in favor of the non-moving party. *Id.*

## DISCUSSION

New Century Mortgage Corporation and James Graves reached an agreement for a loan in the amount of $100,000. On October 25, 2004, Graves executed a Texas Home Equity Note and a Texas Home Equity Security Instrument. At closing, Graves was given $75,198.97. Sometime in 2008, Graves defaulted on the loan.

New Century Mortgage assigned the Note and Deed to Deutsche Bank on October 15, 2009. Deutsche Bank subsequently filed a foreclosure proceeding in the district court of Armstrong County, Texas. On January 22, 2010, the state court granted Deutsche Bank permission to proceed with the foreclosure. Deutsche Bank purchased the property at the foreclosure sale on August 3, 2010.

## Validity of the Lien

Graves brings an action seeking to invalidate the foreclosure. The district court of Armstrong County, Texas authorized Deutsche Bank to proceed with the foreclosure. Pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain any question regarding the validity of the lien or Deutsche Bank's right to foreclose. *See, e.g., Pease v. First Nat. Bank*, 335 Fed.Appx. 412, 415 (unpublished) (5th Cir 2009) ("to the extent [plaintiff] is challenging the merits of the foreclosure, we will not entertain a collateral attack on the final judgment of a state court"); *Flores v. Citizens State Bank of Roma, Tex.*, 132 F.3d 1457, 1997 WL 803150 (unpublished) (5th Cir. 1997) ("Federal courts lack jurisdiction to engage in appellate review of state-court determinations. . . .") (citations omitted).

## TILA

The purpose of TILA is to provide meaningful disclosure of credit terms. 15 U.S.C. § 1601. Failure to provide the appropriate disclosures under TILA gives rise to a private right of action. 15 U.S.C. § 1640(a). The statute of limitations under TILA is one year from the violation. 15 U.S.C. § 1640(e). *See also, Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir. 1979). The violation generally occurs when the transaction is consummated, i.e., when a contractual relationship is created between the parties. *See Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619 (S.D.Tex. 2010); *Williams v. Countrywide*

*Home Loans, Inc.*, 504 F.Supp.2d 176 (S.D.Tex. 2007). Non-disclosure is not a continuing violation. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).

The contractual relationship at issue here was consummated on October 25, 2004. The statute of limitations has thus run for any claim under TILA regarding non-disclosure at the time the loan was consummated.

The Fifth Circuit has held that a plaintiff may not rely on the doctrine of equitable tolling to extend the statute of limitations under TILA. *Moor v. Travelers Ins. Co.*, 784 F.2d at 633–634 (citations omitted). *See also, Val-Com Acquisitions Trust v. U.S. Bank Nat. Ass'n as Trustee for Citigroup Mortg. Loan Trust Inc. Asset-Backed Pass-Through Certifications Series 2005-HE3*, 2010 WL 5140059 (N.D.Tex. 2010). Graves' claims under TILA are thus barred by the statute of limitations.[1]

---

[1] Graves asserts an additional claim under TILA in his Response to the Motion for Summary Judgment, specifically the failure to notify him of the transfer of the loan. When a claim is raised for the first time in response to a motion for summary judgment, the Court will construe that claim as a motion to amend the complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Debowale v. U.S. Inc.*, 62 F.3d 395, 395 (5th Cir. 1995). The motion should be granted unless it would be futile. An amendment is deemed futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citation omitted).

15 U.S.C. § 1641(g) states: "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . ."

Damages are limited to the sum of actual damages and twice the amount of any finance charge. A plaintiff must allege sufficient damages in order to state a claim under this section. *See Beall v. Quality Loan Service Corp.*, 2011 WL 1044148 (S.D.Cal. 2011) ("Plaintiff has not alleged any actual damages or finance charges related to [Defendant's] failure to provide the notice of assignment required under § 1641(g)(1).").

Graves has not alleged damages arising from the failure to notify him of the transfer. Any amendment to Graves' cause of action under TILA would therefore be futile and the implied motion to amend is hereby DENIED.

## HOEPA

The Home Ownership Equity Protection Act (HOEPA) was passed as an amendment to TILA to heighten disclosure requirements. *Smith v. Nat. City Mortg.*, 2010 WL 3338537 (W.D.Tex. 2010). Claims under HOEPA are subject to TILA's statute of limitations. *Id.* at *8; *Lechner v. Citimortgage, Inc.*, 2009 WL 2356142 (N.D.Tex. 2009).

Graves' claims under HOEPA are therefore also barred by the one-year statute of limitations. 15 U.S.C. § 1640.

## RESPA

RESPA was enacted to ensure that real estate consumers are provided with sufficient and accurate information about the settlement process. *Snow v. First American Title Ins. Co.*, 332 F.3d 356 (5th Cir. 2003). RESPA claims have either a one-year or a three-year statute of limitations, depending on which provisions of RESPA are claimed to have been violated. 12 U.S.C. § 2614. The one-year limitations period applies to claims alleging kickbacks and unearned fees, as well as claims regarding title insurance. *Misczak v. Chase Home Finance, LLC*, 2011 WL 145263 at *3 (N.D.Tex. 2011).

Generally, RESPA violations occur at the date of closing, thereby triggering the statute of limitations. *Snow*, 332 F.3d at 361. The loan was closed in 2004. Any RESPA claim stemming from the loan consummation is barred by either the three-year or the one-year statute of limitations.

It has not been shown that equitable tolling applies to claims under RESPA. *Vanderbilt Mortg. and Finance, Inc. v. Flores*, 735 F.Supp.2d 679 (S.D.Tex. 2010); *Snow*, 332 F.3d 356,

361 n. 7 (5th Cir.) ("we therefore express no opinion on . . . whether § 2614 is subject to equitable tolling.").

Regardless, Graves has not provided sufficient factual allegations to support its application here and his RESPA claims are therefore barred by limitations.

## Deceptive Practices Act

The statute of limitations for a claim under the Texas Deceptive Trade Practices Act (DTPA) is two years. Tex. Bus. & Comm. Code § 17.565. The cause of action accrues when the consumer discovers or should have discovered the deceptive practice. *Id.* The loan was closed in 2004. Graves' claims are thus barred by limitations.

## Fraud & Breach of Fiduciary Duty

The statute of limitations for a fraud action is four years. Tex. Civ. Prac. & Rem. Code. § 16.004. A cause of action "is generally considered to accrue either when the fraud is discovered or when the facts giving rise to the fraud claim are discovered or might reasonably be discovered through reasonable diligence – the so-called 'discovery rule.' " *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362 (5th Cir. 1994) (citing Texas authority). Because Graves' claims of fraud accrued upon consummation of the loan in 2004, they are barred by limitations.

The statute of limitations for a breach of fiduciary duty is four years. Tex. Civ. Prac. & Rem. Code. § 16.004. "[B]reach of fiduciary duty cases are treated like fraud cases in terms of deferral of the cause of action; the issue is when the plaintiff knew or should have known, with the exercise of reasonable diligence, of his or her injury." *Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713 (Tex.App.-Eastland 2002) (citation omitted).

This cause of action is therefore also barred by limitations.

## Implied Covenant of Good Faith and Fair Dealing

The duty of good faith and fair dealing only exists in Texas where express language in a contract creates the duty or where a special relationship of trust exists between the parties. "The relationship of a mortgagor and mortgagee ordinarily does not involve a duty of good faith." *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706 (Tex. 1990). *See also, Lovell v. Western Nat. Life Ins. Co.*, 754 S.W.2d 298 (Tex.App.-Amarillo 1988).

Because there was no duty created, Graves cannot maintain a cause of action under this theory.

## Additional State Law Claims

The statute of limitations for a theft (conversion) action is two years. Tex. Civ. Prac. & Rem. Code. § 16.003. The statute of limitations for a negligence action is two years. Tex. Civ. Prac. & Rem. Code. § 16.003. The statute of limitations for intentional infliction of emotional distress is two years. Tex. Civ. Prac. & Rem. Code § 16.003; *Patrick v. McGowan*, 104 S.W.3d 219 (Tex.App.-Texarkana 2003). For every action for which there is no express statute of limitations, the limitations period is four years. Tex. Civ. Prac. & Rem. Code. § 16.051.

A cause of action generally accrues when the wrongful act is completed and causes a legal injury. *Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713 (Tex.App.-Eastland 2002); *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573 (N.D.Tex. 2005) (citing Texas authority).

Any cause of action for conversion based on improper fees accrued at the loan consummation in 2004 and is therefore barred by limitations. Any cause of action for negligence based on the loan transaction accrued when the loan transaction was consummated, and is barred by limitations. Any cause of action for intentional infliction of emotional distress arising from

7

the loan consummation is barred by limitations. Any additional state law claim arising from the loan consummation is also barred by limitations.

## RICO

In his response to the Motion for Summary Judgment, Graves makes numerous allegations of violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). These allegations do not include any specific facts about Deutsche Bank but instead seem to malign the mortgage industry as a whole.

When a claim is raised for the first time in response to a motion to dismiss or motion for summary judgment, the court should construe that claim as a motion to amend the complaint. *See Cash v. Jefferson Assocs., Inc.,* 978 F.2d 217, 218 (5th Cir.1992); *Stover v. Hattiesburg Pub. Sch. Dist.,* 549 F.3d 985, 989 n.2 (5th Cir.2008); *Debowale v. U.S. Inc.,* 62 F.3d 395, 395 (5th Cir.1995).

Whether plaintiff should be granted leave to amend his complaint is governed by Fed. R. Civ. Pro. 15(a)(2). The court should grant leave to amend when justice so requires. *Id.* An amendment is deemed futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 873 (5th Cir.2000) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cox v. Hilco Receivables, L.L.C.,* --- F.Supp.2d ---, 2010 WL 4781304 at *2 (N.D.Tex. 2010). The pleading must be "factually suggestive" beyond mere conclusory allegations. *Ollie v. Plano Independent School Dist.,* 564 F.Supp.2d 658, 660 (E.D.Tex. 2008) (citing *Twombly,* 550 U.S. at 555).

Graves has not asserted any specific factual allegations pertaining to Deutsche Bank that would entitle him to relief.

Graves' motion to amend his complaint is DENIED.

## CONCLUSION

Summary judgment is hereby GRANTED to Deutsche Bank on all of Graves' causes of action.

It is SO ORDERED.

Signed this the 27th day of May, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE